IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEBORAH A. LANDAKER,**

    **Plaintiff,**

    v.

    **Civil Action 2:12-cv-1070**
    **Judge James L. Graham**
    **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Deborah A. Landaker, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits and Supplemental Security Income. The Clerk of Court received the Complaint November 20, 2012. (ECF No. 1-2.) This matter is before the United States Magistrate Judge for consideration of Plaintiff's Motion to Proceed Without Prepayment of Fees. (ECF No. 1.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED WITHOUT PREJUDICE**.

According Plaintiff's application, she is married and has approximately $4,800 in cash in her joint checking account with her spouse. In addition, she represents that she and her husband own two vehicles, a 2007 Honda CRV and a 2007 Chevy truck, both of which they will owe no money on in two months. It appears that Plaintiff and her husband have at least $157,000 in real estate equity. With regard to expenses, Plaintiff represents that her household spends $271 per

month on phone and cable, $550 per month on "deer feed," and approximately $2000 in unidentified expenses per month on her Visa card, among other expenses.[1] She reports no personal monthly income, and does not identify whether her husband has monthly income.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. Thus, prior to authorizing a plaintiff to commence and prosecute a suit without prepayment of fees, a court must determine whether the applicant has demonstrated his or her inability to pay such fees. 28 U.S.C. § 1915(a); *Kelly v. City of Milwaukee*, No. 12–C-0213, 2012 WL 1600446, at *1 (E.D. Wis. May 4, 2012) (court must determine that "the litigant is unable to pay the costs of commencing the action" before authorizing the litigant to proceed *in forma pauperis*).

Here, the information set forth in Plaintiff's *in forma pauperis* affidavit does not demonstrate her inability to pay. Rather, the affidavit demonstrates that Plaintiff has significant valuable assets, including approximately $5,000 in cash, two vehicles, and at least $157,000 in real estate equity. Further, nothing in the affidavit explains why $550 per month in deer feed or $271 per month in phone and cable expenses constitute reasonable necessities. Nor does the affidavit delineate what expenses comprise the approximately $2,000 she spends on her Visa card each month or explain how she is able to pay off the entire balance each month. The affidavit likewise fails to identify her spouse's monthly income. For these reasons, it is recommended that her application be denied without prejudice to renewal. *See Johnson v. Cargill, Inc.*, No. 08-2052, 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008) (denying motion

---

[1] She notes in her affidavit that she and her husband pay off the approximately $2,000 balance in full each month.

to proceed *in forma pauperis* where the Plaintiff's affidavit revealed that her household income exceeded their reasonable monthly expenses); *Daniel v. Dep't of Vet. Affairs*, No. 07-2554, 2008 WL 276481, at *1 (W.D. Tenn. Jan. 30, 2008) (application denied where Plaintiff failed to disclose how she was able to pay her monthly mortgage of $1736 with the monthly earnings disclosed in her affidavit); *Elliot v. Chase Bank*, No. 4:12-CV-324, 2012 WL 2354424, at *1 (N.D. Tex. May 24, 2012) (considering spouse's income on *in forma pauperis* application and gathering cases in which courts found it appropriate to consider a spouse's income in ruling on requests to proceed *in forma pauperis*); *Azzun v. Kansas Dep't of Health & Environ.*, No. 09-4144-SAC, 2011 WL 13689, at *1–2 (D. Kan. Jan. 4, 2011) (denying *in forma pauperis* application even though the plaintiff had no income, basing denial, in part, upon spouse's income, the real estate equity available to the plaintiff, and the discretionary nature of the listed expenses).

In sum, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion **WITHOUT PREJUDICE** to renewal upon submission of a more detailed affidavit demonstrating that she is unable to pay the filing fee and provide for the necessities of life, granting her fourteen days to either pay the required filing fee of $350 or submit a renewed motion to proceed *in forma pauperis*.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

**IT IS SO ORDERED.**

Date: November 28, 2012                             /s/ *Elizabeth A. Preston Deavers*
                                                                           Elizabeth A. Preston Deavers
                                                                           United States Magistrate Judge